Curia, per

Eaule, J.
A distinction has always been taken between those cases where the promise is made, or the undertaking is implied in consequence of a precedent duty or debt, and thuse cases where, by the express or implied terms of the contract, the obligation to pay or perform is to arise only by request. The former class of cases embraces all actions for goods sold and delivered, money lent, work and labor performed, creates eo instante the duty and liability to pay, and implies the *286 undertaking to do so sufficiently to maintain an action, and the writ is a demand ; as in Wallis v. Scott,-W. 88 : “ If I promise a tailor, that in consideration he will make me a suit of clothes, I will pay him so much, there needs no request, for as soon as he has done his part there is a right vested in him.” And in the case of a bill or note payable on demand, the same reason applies. The instrument imports a consideration, a precedent debt, as in Capp v. Lancaster, Cro. Eliz. 548 ; “ a duty maintenant, and therefore there needs not any request, as in other cases where the plaintiff hath not any cause of action until a precedent act done by himself.” But in the other class of cases it is otherwise. Where the action is for a collateral sum, to be paid on request, where, by the terms of the contract, the plaintiff is to request performance .or payment, the request becomes parcel of the agreement; it forms a condition precedent; it is a traversable fact, and should be alleged specially, with time and place. ■The omission of such'averment is matter of substance ; it would be bad on general demurrer, and is not aided by verdict; and the general averment, “ although often requested,” is not enough. Com. Dig. Pleader, C. 69. Cro. Eliz. 85.
It is equally necessary to prove the special request as laid — for no action arises until the request. Nothing can be more explicit than the terms of this agreement. There was no precedent duty or existing debt; none arose at the instant; and the liability was to arise when the money should be called for. This would be true from the terms of the contract, if the intestate had received a compensation. But he was to receive none ; a mere depository, a naked bailee ; and in such a case it has never been held that he would be liable to action until refusal to deliver upon demand. And this would be true if it were not so expressed in the contract. It would be implied from the nature of the undertaking; Story, Bail. 82; 9 Johns. Rep. 361. The declaration was bad for want of the averment of a special request. The vague declaration of the administrator amounted to no more than that he understood there was such a claim, not that it had been demanded of him or of his intestate.
The motion is refused.
Gantt, Richardson, Evans, and Butler, JJ. concurred.