**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Sheep Island Plantation, LLC, Respondent,

v.

Bar-Pen Investments, LLC, Petitioner.

Appellate Case No. 2010-178066

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Berkeley County
Thomas L. Hughston, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2012-MO-055
Heard November 14, 2012 – Filed December 19, 2012

---

**REVERSED**

---

Charles S. Altman and Meredith L. Coker, both of
Altman & Coker, and Russell Grainger Hines and
William L. Howard, Sr., both of Young Clement Rivers,
all of Charleston, for Petitioner.

Thomas C. Nelson and Stephan Victor Futeral, both of
Futeral & Nelson, of Mt. Pleasant, for Respondent.

---

**PER CURIAM:**  Assuming without deciding that the Court of Appeals' exercise of jurisdiction in this case was proper, we reverse pursuant to Rule 220(b)(1), SCACR, and the following authorities: on the bases that financing was not an unsatisfied contingency under the terms of the contract and that Sheep Island Plantation, LLC, failed to give timely notice of its intent to invoke the Extension Agreement clause of the contract.  *See Moon v. Jordan*, 301 S.C. 161, 390 S.E.2d 488 (Ct. App. 1990) (financing contingency satisfied when bank committed itself to provide the loan, and subjective impossibility does not excuse nonperformance); *McClain v. Kimbrough Const. Co., Inc.*, 806 S.W.2d 194, 198 (Tenn. Ct. App. 1990) (citing 3A A. Corbin, *Corbin on Contracts* § 725 (1964)) ("Notice ought to be given when information material to the performance of a contract is within the peculiar knowledge of only one of the contracting parties.  In the absence of an express notice provision, the courts will frequently imply an obligation to give notice as a matter of common equity and fairness."); *West v. Murph*, 21 S.C.L. 284 (3 Hill) (Ct. App. 1837) (stating that requirement of demand for performance "would be implied from the nature of the undertaking" even if not required by the terms of the contract).


**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**